77 F.3d 490
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lyla L. THOMAS, Plaintiff-Appellant,
v.
ALLIED SIGNAL, INC.; Garrett Fluid Systems, Inc.,
Defendants-Appellees.
 No. 95-15240.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 20, 1996.
 
 Before: BROWNING, PREGERSON, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lyla L. Thomas appeals pro se the district court's grant of summary judgment for defendants in her action alleging retaliation and discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-2; the Age Discrimination in Employment Act, 29 U.S.C. § 623(a); and 42 U.S.C. §§ 1981 & 1983. Thomas also appeals the district court's denial of her motion to appoint counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 A. Merits
 
 3
 Thomas contends that the district court erred by granting defendants' motion for summary judgment on her claims of age, sex, and race discrimination. This contention lacks merit.
 
 
 4
 "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.' " Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir.1989) (citation omitted). Accordingly, the only claim properly before the district court was Thomas's claim that she had been "laid off from [her] position as a grinder specialist in the Tool and Cutting department" because of her sex and her age. See id.
 
 
 5
 "[I]n a case in which it is alleged that a [reduction-in-force] was carried out in a discriminatory fashion, the plaintiff may establish her prima facie case by demonstrating: (1) that she belongs to a protected class; (2) that she was discharged from a job for which she was qualified; and (3) that others not in her protected class were treated more favorably." Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1993) (citations omitted).
 
 
 6
 Here, Thomas failed to submit evidence to support the third prong of a prima facie case. The record indicates that all of the employees in Thomas's employment classification were laid off. The other two employees in Thomas's classification were male; one of the employees was older than Thomas and one was younger.[1]
 
 
 7
 Accordingly, the district court did not err by granting summary judgment for defendants. See id.[2]
 
 B. Appointment of Counsel
 
 8
 Thomas contends that the district court erred by denying her motion for appointment of counsel.[3] This contention lacks merit.
 
 
 9
 The law of the case doctrine requires that the decision of an appellate court "be followed in all subsequent proceedings in the same case." Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir.1989). In a prior appeal, this court affirmed the district court's denial of Thomas's motion for appointment of counsel. See Thomas v. Garrett Fluid Systems, Inc., No. 93-16590 (9th Cir. May 16, 1994) (unpublished memorandum disposition). Accordingly, we affirm the district court's denial of Thomas's motion for appointment of counsel. See Eichman, 880 F.2d at 157.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Insofar as Thomas contends that her termination was a form of retaliation, her claim fails in light of an undisputed statement in an affidavit submitted by defendant that neither of the other laid-off employees had filed sexual harassment charges or had spouses who had filed lawsuits against defendants
 
 
 [2]
 Insofar as plaintiff appeals the district court's grant of summary judgment on her 42 U.S.C. § 1983 claim, we affirm the district court's grant of summary judgment in light of the absence of any evidence that defendants are state actors. See Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 929 (1982)
 Because the record contains no evidence to support a claim of discrimination on the basis of race, the district court properly granted summary judgment for defendants' on Thomas's claim brought under 42 U.S.C. § 1981. See Associated Gen. Contractors of Cal., Inc. v. City & County of San Francisco, 813 F.2d 922, 928 n. 11 (9th Cir.1987)
 
 
 [3]
 Thomas also contends that the district court erred by not striking her deposition testimony arguing that it violated due process for her to be subjected to a deposition without being represented by counsel. This contention lacks merit